UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANASTASIYA UZZHINA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:25-cv-01594 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner, who was a federal immigration detainee at the time she initiated this action, is proceeding with a habeas corpus action pursuant to 28 U.S.C. § 2241. The petition raises, *inter alia*, a Fifth Amendment due process challenge to the revocation of her supervised release without a showing of changed circumstances. ECF No. 1 at 22-23. The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The District Judge granted Petitioner's motion for temporary restraining order ("TRO"), ordering Petitioner's immediately release and enjoining immigration officials from re-detaining her absent certain constitutional protections. ECF No. 12. After the parties failed to timely submit a stipulated briefing schedule on a preliminary injunction motion, the District Judge referred the matter to the undersigned for further proceedings. ECF No. 13. More recently, the

undersigned directed the parties to "submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved, within 14 days from the date of this order. Following expiration of the deadline set herein, the § 2241 petition will be deemed submitted on the papers pursuant to Local Rule 230(l)." ECF No. 14. Neither party responded.

**II. Analysis**

For the reasons indicated in the Court's order granting a TRO, ECF No. 12, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that Petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to due process (Count One).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only.

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The TRO relief previously granted be made permanent.

4. All pending motions, if any, be denied as moot.

5. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE